IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**KELSIE BRANSTETTER,**

    Plaintiff,

vs.                                                      No. 2:19-cv-2596
                                                                        JURY DEMANDED

**HOLLAND AMERICA LINE N.V. LLC,**

    Defendant.

**COMPLAINT**

COMES NOW the Plaintiff, Kelsie Branstetter, and for cause of action against the Defendant, Holland America Line N.V. LLC, would state to the Court as follows:

1. The Plaintiff is an individual who resides in Memphis, Shelby County, Tennessee.

2. The Plaintiff is an American seaman, and at all times material hereto, she was a member of the crew of a motor vessel owned, operated, and/or under the control of the Defendant. As an American seaman, she is authorized to bring this action pursuant to 28 U.S.C. § 1916 without the prepayment of costs or the necessity of depositing security therefor.

3. The Defendant is a limited liability company that was formed in Curacao, with its principal office in Seattle, Washington. At all times material hereto, the Defendant was and is currently authorized to do business in the State of Tennessee. At all times material hereto, the Defendant was and is currently doing business in the State of Tennessee. Therefore, the Court has personal jurisdiction over the Defendant. The Defendant may be served with process through its registered agent, CT Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919.

4. At all times material hereto, the Defendant was the owner and/or operator of the M/V NOORDAM.

5. This action is brought pursuant to 46 U.S.C. § 30104, the Jones Act, and the general maritime law of the United States. Therefore, this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331.

6. This Court also has diversity subject matter jurisdiction over this case under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy in this case exceeds the sum or value of $75,000.

7. The Court also has specific personal jurisdiction over the Defendant because the Defendant willfully, callously, arbitrarily, and capriciously refused and failed to pay maintenance and cure to the Plaintiff within this forum's boundaries.

8. Venue is proper under 28 U.S.C. § 1391.

9. In or around March 2017, the Plaintiff was employed by the Defendant as an Image Creator on board the Defendant's vessel, the M/V NOORDAM. At some point between March 16-19, 2017, the Plaintiff suffered a fall while descending a dangerous and dimly lit staircase in the dining room of the M/V NOORDAM and sustained personal injuries as a result thereof.

10. In or around May 2017, the Plaintiff, while still employed by the Defendant as an Image Creator on board the Defendant's vessel, the M/V NOORDAM, sustained severe and disabling injuries to her foot when she was forced to work up to fourteen (14) hours a day continuously on her feet.

11. Said injuries were caused by the negligence of the Defendant, its agents, servants, employees, or representatives, to-wit:

    a)     By failing to provide a safe place in which to work;

    b)     By failing to maintain the dining room stairwell of the M/V NOORDAM in a safe and proper manner;

    c)     By conducting the subject operations at a time and in a manner that was improper;

    d)     By rushing the Plaintiff to complete her duties;

    e)     By forcing the Plaintiff to work up to fourteen (14) hours a day continuously on her feet;

    f)     By forcing the Plaintiff to continue working after she sustained her injuries, which made her conditions worse;

    g)     By failing to provide the vessel with a crew that was adequate in ability and number;

    h)     By failing to institute adequate policies and procedures for the safe conduct of vessel operations;

    i)     By failing to operate the vessel in a safe, stable, and/or seaworthy manner; and

    j)     By failing to provide a seaworthy vessel.

12.     The Plaintiff's injuries were inflicted without any contributing fault or neglect on her part, and solely because of the negligence of the Defendant, its agents, servants, employees, or representatives, as set forth above.

13.     The negligent acts of the Defendant were and are a proximate cause of the injuries and damages sustained by the Plaintiff.

14.     Additionally, at all times material hereto, the M/V NOORDAM was unseaworthy,

as that term is understood under the general maritime law of the United States.

15. The unseaworthy conditions of the M/V NOORDAM include, but are not limited to, the following:

    a) The unsafe, dangerous, and/or poorly lit condition of the dining room stairwell;

    b) The lack of and/or failure to institute adequate policies and procedures for the safe conduct of vessel operations;

    c) The lack of adequate personnel to complete the operations in question; and

    d) The lack of appropriate equipment for the safe performance of the operations in question.

16. These and other conditions existed on or with the M/V NOORDAM, creating an unseaworthy condition (i.e., rendering the vessel unsafe and/or unfit for its ordinary and intended purpose), which is and was a proximate cause of the injuries and damages sustained by the Plaintiff.

17. As a result of the Defendant's negligence and/or the unseaworthiness of the M/V NOORDAM as aforesaid, the Plaintiff was injured in the following respects:

    a) The Plaintiff suffered injuries, including injuries to her lower back, left leg, left ankle, and left foot that required medical intervention;

    b) The Plaintiff was required to seek and obtain necessary medical treatment in an effort to be cured and relieved of the effects of her injuries;

    c) The Plaintiff has incurred in the past and will continue to incur in the future financial loss due to lost wages and loss of earning capacity;

    d) The Plaintiff has experienced pain and suffering in the past and will

        continue to experience the same in the future;

    e)     The Plaintiff's enjoyment of life has been diminished; and

    f)     The Plaintiff has suffered permanent disability and impairment as a result of her injuries.

18.     As a result of her injuries as hereinabove-described, the Plaintiff, as a Jones Act seaman, is entitled to receive from the Defendant timely and adequate maintenance and cure benefits. To date, the Defendant has willfully, callously, arbitrarily, and capriciously refused and failed to pay any maintenance benefits to the Plaintiff. The Defendant has also for periods of time willfully, callously, arbitrarily, and capriciously refused and failed to pay certain cure benefits.

19.     In accordance with the seaman's rights under the Jones Act and the Savings to Suitors Clause, the Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Kelsie Branstetter, prays that citation by issued and served upon the Defendant in the form and manner prescribed by law, requiring the Defendant to appear and answer herein, and, upon final hearing hereon:

A.     That the Plaintiff, Kelsie Branstetter, be awarded a judgment against the Defendant for actual and compensatory damages;

B.     That the Plaintiff, Kelsie Branstetter, be awarded fair and adequate maintenance and cure benefits to which she is entitled;

C.     That the Plaintiff, Kelsie Branstetter, be awarded attorney's fees and punitive damages for the Defendant's willful, callous, arbitrary, and capricious refusal and failure to timely and adequately provide maintenance benefits;

D.     That the Plaintiff, Kelsie Branstetter, be awarded attorney's fees and punitive

    damages for the Defendant's willful, callous, arbitrary, and capricious refusal and failure to timely and adequately provide cure benefits;

E.  That the Plaintiff, Kelsie Branstetter, be awarded pre-judgment and post-judgment interest;

F.  That a jury be empaneled to try the issues when joined; and

G.  That the Plaintiff, Kelsie Branstetter, be awarded the costs of this action, as well as such other, further, and general relief as to which justice may require.

    Respectfully submitted:

    THE LAW OFFICE OF DAVID E. GORDON

    /s/ Elissa M. Coombs
    Elissa M. Coombs (B.P.R. #22209)
    Attorney for Plaintiff
    1850 Poplar Crest Cove, Suite 200
    Memphis, TN  38119
    (901) 302-9125 – phone
    (901) 432-2292 – fax
    emc@davidgordonlaw.com